UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

VICTOR P. KEARNEY,                                                        Case No. 17-12274-t11

      Debtor.

VICTOR KEARNEY, as Beneficiary and trustee
Of the Mary Pat Abruzzo Kearney
Testamentary Trusts B and C,

      Plaintiff/Counterdefendant,

v.                                                                            Adv. Pro. 18-1068

LOUIS ABRUZZO, trustee of the Mary
Pat Abruzzo Kearney Testamentary
Trusts B and C; and BENJAMIN ABRUZZO,
trustee of the Mary Pat Abruzzo Kearney
Testamentary Trusts B and C,

      Defendants/Counterplaintiffs,

and

MARY PAT ABRUZZO and NANCY ABRUZZO,
As Guardian and Next Friend of RICO ABRUZZO,

      Third-Party Counterclaimants.

## **OPINION**

Before the Court is the defendants' motion for the Court to abstain from hearing this removed proceeding and remand it to state court. For the reasons set forth below, the Court finds and concludes that the motion is well taken and should be granted.

                               I.        FINDINGS OF FACT

This is the fourth opinion the Court has issued in this bankruptcy case in the last 30 days. So it will not be unduly long, the Court incorporates by reference its findings of fact from the

opinions entered on September 14, 2018 (2018 WL 4440652); September 18, 2018 (2018 WL 4502076); and September 28, 2018 (2018 WL 4726002). Capitalized terms used in this opinion and not otherwise defined shall have the meanings ascribed to them in the first three opinions.

On September 7, 2018, the Abruzzos filed in the State Court Action a Request for Hearing on Three Actions Required by Plan of Reorganization (the "Request for Hearing"). In response to the Request for Hearing, Judge Malott set a hearing on the Proposed Trust Changes for September 27, 2018.[1]

On September 13, 2018, the Abruzzos filed a Supplemental Motion for Relief from the Automatic Stay (the "Supplemental Motion"), asking for additional stay relief so Judge Malott can hear and rule on the Proposed Trust Changes. The Court held a hearing on the supplemental motion on September 17, 2018. The Court granted the supplemental motion on September 18, 2018.

On September 21, 2018, the Debtor filed in state court a Motion to Dismiss the Request for Hearing.

The Debtor appealed the Court's stay relief ruling on September 19, 2018, and asked for an emergency stay pending appeal. On September 28, 2018, the Court denied the request.

On October 2, 2018, Judge Malott denied the Motion to Dismiss. Late that afternoon, the Debtor removed action to the United States District Court for the District of New Mexico.

The Debtor cited two grounds for removal. The first is 28 U.S.C. § 1441(b). The second is 28 U.S.C. § 1452.

The caption in the notice of removal, on the other hand, shows the Abruzzos as the plaintiffs and the Debtor as the defendant. Mary Pat and Nancy Abruzzo were omitted entirely.

The Abruzzos filed the motion to abstain and remand on October 4, 2018.

---

[1] Because of a scheduling conflict, Judge Malott later moved the hearing to October 3, 2018.

On October 5, 2018, the Debtor filed in the main bankruptcy case a "Demand for Jury Trial."

On October 5, 2018, the District Court (Hon. Judith C. Herrera) transferred the adversary proceeding to this Court. The Court held a final hearing on the motion to abstain and remand on October 11, 2018.

The Debtor filed two emergency motions after Judge Herrera transferred the adversary proceeding to this Court. The first was an emergency motion to withdraw the reference, filed October 9, 2018. The second was an emergency motion to stay proceedings, filed October 10, 2018. On October 10, 2018, Judge Herrera denied both emergency motions. In doing so, she ruled that Debtor's purported removal of the State Court Action under alleged diversity jurisdiction was a "sham litigation tactic," and that Debtor's diversity allegations were frivolous. Judge Herrera directed this Court to consider the issues of abstention and remand under 28 U.S.C. § 1452.

II.  CONCLUSIONS OF LAW

A.  Mandatory Abstention.

28 U.S.C. § 1334(c)(2) provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

In the Tenth Circuit, this "mandatory abstention" provision applies to removed cases. *See In re Midgard Corp.*, 204 B.R. 764, 774 (10th Cir. BAP 1997) ("The majority of courts ... hold that abstention is applicable to removed cases. . . . We conclude that the majority position that

abstention applies to removed cases is correct for several reasons."). *See also In re Notary*, 547 B.R. 411, 417 (Bankr. D. Colo. 2016) (quoting and following *Midgard*).

Courts have interpreted § 1334(c)(2) as containing the following requirements:

1. The motion for abstention must be timely filed;
2. The matter must be based on a state law claim or cause of action;
3. The action was commenced in state court;
4. The action can be timely adjudicated in state court;
5. The claim is within the Court's non-core jurisdiction; and
6. There is no independent source of federal jurisdiction that would have permitted the plaintiff to commence the action in federal court in the absence of the bankruptcy case.

*Hernandez v. Lasalle Bank, N.A. (In re Hernandez)*, 2010 WL 5155011, at *4 (Bankr. D.N.M. 2010) (citing *In re Mobile Tool Intern.*, 320 B.R. 552, 556 (Bankr. D. Del. 2005) and *In re Gregory Rock House Ranch, LLC*, 339 B.R. 249, 253 (Bankr. D.N.M. 2006)).

The Court analyzes the requirements as follows:

1. <u>The motion for abstention must be timely filed</u>. This requirement is satisfied. The motion was filed three days after the action was removed.

2. <u>The matter must be based on a state law claim or cause of action</u>. This requirement is satisfied. The Proposed Trust Changes are strictly issues of state law.

3. <u>The action was commenced in state court</u>. This requirement is satisfied. The State Court Action was commenced by the Debtor in state court in 2013.

4. <u>The action can be timely adjudicated in state court</u>.

   a. <u>Timely adjudication factors</u>. The Tenth Circuit Bankruptcy Appellate Panel stated in *Midgard* that "courts interpreting 'timely adjudication' have focused on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case." 204 B.R. at 778. The *Midgard* court listed the following factors to weigh when determining whether a state court matter can be "timely adjudicated": (1) backlog of the

state court and federal court calendar; (2) status of the proceeding in state court prior to being removed (i.e., whether discovery had been commenced); (3) status of the proceeding in the bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or liquidation case. 204 B.R. at 778-79. The Court weighs these factors as follows:

| Factor | Discussion |
| --- | --- |
| 1. Calendar backlog | Favors a finding of timely adjudication. All indications are that Judge Malott can hear the matter very promptly. |
| 2. Status of proceeding before removal | Favors a finding of timely adjudication. The State Court Action is advanced. Weeks of trial have been held, and much evidence is in the record. The prime reason to ask Judge Malott to rule on the Proposed Trust Changes was because he is so familiar with the case. |
| 3. Status of the proceeding in bankruptcy court | Favors a finding of timely adjudication. This proceeding is brand new to the Court. It was referred to this Court by Judge Herrera six days ago. |
| 4. Complexity of the issues | Favors a finding of timely adjudication. The law in this area is not unduly complicated. The facts regarding the discord between the Debtor and the Abruzzos are complicated; there is a lot of history about their long-running dispute. Judge Malott knows all about that history; this Court has heard about it, but not in nearly the same depth or detail. |
| 5. Whether the parties consent to this Court entering judgment on non-core matters | Neutral. Because this proceeding is so new to the Court, no effort has been made to determine whether the parties would consent to the Court entering final judgments. The Court does not know whether they would or not. |
| 6. Whether a jury demand has been made. | Favors a finding of timely adjudication. The Debtor has demanded a jury, although the demand was filed in the main case, not his adversary proceeding. The Court assumes that was a mistake. If the Debtor is entitled to a jury, the proceeding is better off in state court. |

| 7. Whether the case is a reorganization case or a liquidation case. | This factor, to the extent it applies, favors a finding of timely adjudication. Overall, the Court does not think this particular factor is very helpful in this case. The gist of the factor is that the Court needs to be sensitive to the timing of the state court matter, to ensure that it does not interfere with efforts to reorganize or liquidate the estate. There would be no such interference in this case. |
|---|---|

Weighing the factors set out in *Midgard*, the Court finds that they weigh in favor of finding that the matter can be timely adjudicated in state court.

  b. <u>Should the Court consider the risk that the state court will commit reversible error</u>? At the final hearing, the Debtor argued that the State Court Action would not be adjudicated timely because Judge Malott was not dealing with the issues properly and was going to commit clear eversible error. The Debtor was concerned in particular about the fact that no petition had been filed to modify the trusts, and also that Judge Malott was not going to allow the Debtor to present evidence in support of his position.

  The Court takes these arguments seriously, and believes that Debtor's counsel is genuinely concerned about how Judge Malott may deal with the Proposed Trust Changes. Nevertheless, the Court will overrule this argument.

  The record before the Court is insufficient for the Court to conclude that Judge Malott will commit reversible error. Judge Malott is an experienced trial judge. He is well respected and has a sterling reputation. This Court does not know, and will not presume to predict, what Judge Malott will do with the Proposed Trust Changes. Similarly, this Court does not have enough evidence upon which to conclude that any ruling Judge Malott will make will be erroneous. To give one example, it is not clear about how much evidence Judge Malott will take at a hearing on the Proposed Trust Changes. The Debtor argued that Judge Malott has already decided that he

-6-

Case 18-01068-t  Doc 17  Filed 10/11/18  Entered 10/11/18 16:08:36  Page 6 of 11

won't hear *any* new evidence. The Abruzzos' counsel pointed out, however, that Judge Malott only stated that he would not allow a *full* evidentiary hearing. The Abruzzos' counsel also pointed out that Debtor has filed an exhibit list for the upcoming hearing. The Debtor's other arguments about flaws in the procedure for ruling on the Proposed Trust Changes have a similar lack of evidentiary support. Viewing the record before the Court as a whole, it is not nearly sufficient to prompt the Court to find, as Debtor's counsel urges, that Judge Malott will commit reversible error when deciding the Proposed Trust Changes. This Court is confident that, aided by the arguments and briefs of able counsel on both sides, the Judge Malott will follow proper procedure, find facts appropriately, apply the law correctly to the facts, and decide the matter correctly. It would be inappropriate and arrogant for this Court to hold otherwise.[2]

5. <u>The claim is within the Court's non-core jurisdiction</u>. This requirement is satisfied. Adjudicating the Proposed Trust Changes is not a core proceeding.

6. <u>There is no independent source of federal jurisdiction</u>. This requirement is satisfied. Judge Herrera ruled on October 10, 2018, that the Debtor's attempt to come within the court's diversity jurisdiction (28 U.S.C. § 1332) was a "sham litigation tactic."

In sum, all of the requirements for mandatory abstention are met. The Court is required to abstain.

B. <u>Permissive Abstention</u>.

28 U.S.C. § 1334(c)(1):

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State court or respect for State law, from abstaining from

---

[2] Further, the Court did not find any cases that weighed the risk of an appeal when determining the "timely adjudication" requirement of § 1334(c)(2). Because the risk of reversible error and/or appeal exists in federal court as well as state court, it does not seem to be an appropriate factor to consider. For example, the Debtor has already appealed two decisions of this Court, while none of Judge Malott's decisions in the State Court Action have been appealed.

hearing a particular proceeding arising under title 11 or arising in or related to a
case under title 11.

The factors courts analyze in determining whether to abstain under § 1334(c)(1) include the:

1. Effect that abstention would have on the efficient administration of the bankruptcy estate;
2. Extent to which state law issues predominate;
3. Difficulty or unsettled nature of applicable state law;
4. Presence of a related proceeding commenced in state court or other nonbankruptcy court;
5. Federal jurisdictional basis of the proceeding;
6. Degree of relatedness of the proceeding to the main bankruptcy case;
7. Substance of the asserted "core" proceeding;
8. Feasibility of severing the state law claims;
9. Burden the proceeding places on the bankruptcy court's docket;
10. Likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of parties;
11. Existence of a right to jury trial; and
12. Presence of nondebtor parties in the proceeding.

*In re Fred Dale Van Winkle*, 2016 WL 196981, at *5 (Bankr. D.N.M.) (citing *In re Commercial Financial Services, Inc.*, 251 B.R. 414, 429 (Bankr. N.D. Okla. 2000), reconsideration granted in part, 225 B.R. 68 (Bankr. N.D. Okla. 2000), and *In re Republic Reader's Service, Inc.*, 81 B.R. 422, 428-429 (Bankr. S.D. Tex. 1987)).

The Court weighs the factors as follows:

1. <u>Effect on efficient administration</u>. This factor favors remand. Given Judge Malott's familiarity with the State Court Action, including the weeks of trial testimony he has heard, efficient administration would be bolstered by abstention.

2. <u>Extent to which state law issues predominate</u>. This factor favors remand. The Proposed Trust Changes are strictly state law issues.

3. <u>Difficulty or unsettled nature of applicable state law</u>. This factor does not favor remand. The legal issues relating to the Proposed Trust Changes are not difficult or unsettled.

4. <u>Presence of a related state court proceeding</u>. This factor favors remand. Debtor takes the position that he has only removed a portion of the State Court Action. If so, the balance of the action remains pending before Judge Malott.

5. <u>Federal jurisdictional basis of the proceeding</u>. This factor favors remand. 28 U.S.C. § 1334 is the sole basis for federal court jurisdiction. On October 10, 2016, Judge Herrera found that Debtor's attempt to come within § 1332 diversity jurisdiction was a "sham litigation tactic."

6. <u>Degree of relatedness of the proceeding to the main bankruptcy case</u>. The Proposed Trust Changes are clearly related to the main bankruptcy case, as they are part of the UCC plan. However, it appears that the state court could rule on the Proposed Trust Changes in a time and manner that would dovetail with the bankruptcy case. It seems a reasonable division of labor for the state court to rule on the Proposed Trust Changes while this Court addresses plan confirmation issues, if and when the Proposed Trust Changes are approved. Thus, the Court concludes that this factor favors remand.

7. <u>Substance of the asserted "core" proceeding</u>. This factor favors remand. Ruling on the Proposed Trust Changes is not a "core" issue.

8. <u>Feasibility of severing the state law claims</u>. This factor favors remand. As the only issues are state law issues, severing claims is not possible.

9. <u>Burden on the bankruptcy court's docket</u>. This factor favors remand. While in general this Court has time to hear and decide the matters pending before it, it would take substantial effort to "get up to speed" on the issues relating to the Proposed Trust Changes. Judge Malott is already up to speed.

10. <u>Likelihood of forum shopping</u>. This factor favors remand. There is no question that the removal was motivated by a desire to find a third judge for this dispute.

11. <u>Right to a jury trial</u>. This factor is neutral. There does not appear to be a right to a jury trial in either bankruptcy court or state court.[3] However, if the Debtor has a right to a jury trial, the proceeding is better off in state court.

12. <u>Presence of non-debtor parties</u>. This factor favors remand. The remainder beneficiaries are parties to the State Court Action, even though the Debtor attempted to ignore them in the removal process.

Overall, the factors weigh heavily in favor of permissive abstention.

C. <u>Remand on Equitable Grounds</u>.

Section 1452(b) provides in part:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

In *In re Gregory Rock House Ranch, LLC*, 339 B.R. 249 (Bankr. D.N.M. 2006), the court held that "in determining whether it is appropriate to remand a removed proceeding, it is proper for the Court to consider the standards applicable to abstention." 339 B.R. at 252. The Court finds that the proceeding should be remanded to the state court for the reasons discussed above under permissive abstention.

In addition, if the Court declined to remand the proceeding, it would in essence reverse its earlier ruling granting the Abruzzos relief from the automatic stay, and also reverse itself on its decision to deny the Debtor's emergency motion for a stay pending appeal. The Court does not see any reason to do that. On September 18, 2018, the Court decided that, all things considered, the Abruzzos should be given the opportunity to present the Proposed Trust Changes to Judge Malott

---

[3] It appears that the demand for a jury trial is not well taken. *See, e.g., Drake v. Rueckhaus*, 68 N.M. 209 (S. Ct. 1961) (enforcement of a trust is an equitable proceeding); *Regions Bank v. Kramer*, 98 So. 3d 510, 518 (Ala. S. Ct. 2012) (supervising the administration of trusts is a well-recognized ground of equity, so there is no right to a jury trial).

before his retirement. The Debtor obviously disagrees with that decision, as is his right, but that was the decision of the Court.

### III. CONCLUSION

The sole basis for this Court's jurisdiction over the removed State Court Action is § 1334. The Court is required to abstain pursuant to § 1334(c)(2), and should abstain in any event under § 1334(c)(1), and/or remand under the "equitable remand" provision of § 1452(b). By separate order, the Court will remand the State Court Action.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: October 11, 2018

Copies to: counsel of record